Filed 7/24/23  P. v. Figueras CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089228 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-CNV-1998-0016801, SP063761A) |
| v. | |
| LUIS JUAN FIGUERAS, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Luis Juan Figueras appeals from an order denying his postjudgment petition to vacate his murder conviction pursuant to Penal Code[1] section 1172.6.[2] Counsel was appointed to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    The Legislature amended section 1172.6 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551).  Further, effective June 30, 2022, the Legislature renumbered former section 1170.95 to current section 1172.6, without substantive change.  (Stats. 2022, ch. 58, § 10.)  For clarity and conformity, we will refer to the statute as section 1172.6 throughout the opinion.

determine whether there were any arguable issues on appeal, in accordance with *People v. Wende* (1979) 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. We then dismissed the appeal as abandoned.

Counsel filed a petition for rehearing, which we granted. After supplemental briefing by both parties, we again concluded the appeal had been abandoned, and dismissed it in a published opinion. (*People v. Figueras* (C089228) opn. filed February 22, 2021, review granted May 12, 2021, S267870, vacated & trans. for reconsideration in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 May 31, 2023.) We rejected defendant's contention the *Wende* procedure applies or should apply to an appeal from an order denying a postconviction petition seeking relief pursuant to section 1172.6. (*Ibid.*)

Our Supreme Court granted defendant's petition for review and transferred this case back to us with directions to vacate our prior decision and reconsider this case in light of *Delgadillo*. We vacated our decision.

On June 6, 2023, we notified defendant: (1) counsel had filed a brief indicating no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed, and we have received no communication from defendant.

We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

2

DISPOSITION

The appeal is dismissed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
RENNER, J.